

NUMBER 13-17-00312-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

NOE SANCHEZ MOYA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

---

On appeal from the 93rd District Court
of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant Noe Sanchez Moya attempts to appeal his conviction for criminal mischief.  *See* TEX. PENAL CODE ANN. § 28.03 (West, Westlaw through 2017 1st C.S.). The trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).

This Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. Appellant's counsel failed to respond to this Court's directive, and we abated this matter to the trial court to determine why counsel failed to comply with this Court's order. We further requested the trial court, if it determined that counsel is unable to represent appellant in this matter, to conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel.

Upon abatement, the trial court allowed appellant's counsel to withdraw and appointed new counsel for appellant. The trial court's findings and conclusions stated, in part, that "[a]lthough this court continues to believe that Defendant Moya does not have a right to appeal this case, it recognizes the need to consider the issues of whether Defendant Moya wants to pursue this appeal, is indigent, and is entitled to appointed counsel."

On November 21, 2017, newly appointed counsel for appellant filed a response to this Court's order regarding appellant's right to appeal. Counsel's response states that after reviewing pertinent case law, as well as the record, he has not identified a basis for this appeal to go forward, "other than one unclear issue: restitution." According to counsel's response:

> Restitution may not be appealed in a negotiated plea bargain case where the judgment indicates that the court is to determine the restitution amount. Restitution was set on May 18, 2017 by the trial court at $10,000.00. However, although the restitution amount was contained in the judgment

> on this date, a separate restitution hearing was held, wherein the previous restitution amount was affirmed. Appellant could hold a colorable appeal to the restitution order, to the extent that trial court's judgment is seen as modified or vacated by virtue of the subsequent restitution hearing.

The pleading filed by appellant's newly appointed counsel asks that we consider appellant's response as to whether appellant has a right to appeal.

Here, the trial court's certification of the right to appeal shows that appellant lacks a right to appeal, and appellant's counsel acknowledges that the certification does not "appear to have any defects." According to the trial court's judgment of conviction and order of community supervision, the trial court ordered appellant to pay restitution in the amount of $10,000 and appellant entered a plea bargain with the State. Accordingly, appellant's notice of appeal does not fall within the narrow grounds available for appeal. *See* TEX. R. APP. P. 25.2(a)(2); *see also Mathison v. State*, No. 08-10-00098-CR, 2012 WL 248002, at *1 (Tex. App.—El Paso Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (allowing the appeal of a restitution order where the trial court's certification allowed such an appeal, but stating that the court "express[es] no opinion as to whether a plea-bargaining defendant may ordinarily appeal a restitution order"); *Stretcher v. State*, No. 06–08–00233–CR, 2009 WL 3672882, at *3 (Tex. App.—Texarkana Nov.6, 2009, no pet.) (mem. op., not designated for publication) (rejecting the claimed right to appeal regarding restitution where the trial court's certification stated that there was no right to appeal based on a plea bargain); *Schulz v. State*, Nos. 05-12-00287-CR & 05-12-00288-CR, 2012 WL 4097195, at *1 (Tex. App.—Dallas Sept. 19, 2012, no pet.) (mem. op., not designated for publication).

3

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see id.* R. 37.1, 44.3, 44.4. Accordingly, this appeal is DISMISSED.

DORI CONTRERAS
JUSTICE

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed
14th day of December, 2017.

4